## Dennis Welch *vs.* John G. Damon.

After the entry in the court of common pleas of an appeal from the judgment of a police court, and of a copy of its record, the police court may allow an amendment of its record, and a copy of the amended record may be transmitted to the court of common pleas in place of the one first sent up.

When a judgment in a police court is actually rendered on the day of the trial, an appeal therefrom must, by the Rev. Sts. *c.* 85, § 13, be claimed within twenty four hours, although terms of the court are established by statute, and by a rule of the court judgments are entered as of the last day of the term, unless otherwise ordered.

Action of contract, entered on the 21st of July 1856 in the police court of Lowell, from whose judgment the defendant on the 6th of August 1856 appealed to the court of common pleas, and there filed a copy of the record of the police court, which stated that on the 4th of August 1856, " issue being joined, and the parties fully heard and understood by said court, it appears to said court that the defendant owes the plaintiff $24.98, in manner and form as the plaintiff hath declared. It is therefore on the sixth [this fourth] day of said August considered by said court that the said plaintiff recover against the said plaintiff [defendant] the sum of " $24.98 and costs.

After the entry of the case in the court of common pleas, the police court, upon the plaintiff's motion, amended its record, by substituting the words in brackets, and adding the following : " And entry was made by the clerk upon the docket as follows : Aug. 4. Trial and judgment for plaintiff for $24.98." And the plaintiff filed a copy of the amended record in the court of common pleas.

By the Rev. Sts. *c.* 87, § 43, the civil terms of the police court are held once a fortnight, and one of them began on the 4th and ended on the 6th of August. By a rule of that court judgments are entered as of the last day of the term, unless otherwise ordered.

In the court of common pleas, the plaintiff moved to dismiss the appeal, and, that motion being overruled, alleged exceptions.

*W. S. Gardner,* for the plaintiff.

*W. L. Brown,* for the defendant.

BIGELOW, J.   The police court had the authority of any court
of record to amend its records according to the truth; and the ex-
tended record shows that a judgment was rendered and entered
up on the docket of the police court on the 4th of August. This
fixed the rights of the parties as to an appeal.   None would lie
unless claimed within twenty four hours after the entry of the
judgment.   Rev. Sts. *c.* 85, § 13.   The rule of the police court
is a very proper one, and, if applicable to this case, would sus-
tain the defendant's right to insist on his appeal.   But it can
apply only to cases ·where the entry of judgment is withheld till
the end of the so called term.   But that was not the course
adopted in the present case.   The entry of the judgment was
made in apt and technical terms on the 4th of August.   To
allow the rule to extend the time of claiming an appeal would
be a virtual repeal of the express provisions of the statute.

*Appeal dismissed.*